IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHARLES ABRAHAM SMITH, JR.                                                                   PLAINTIFF

v.                                              Civil No. 2:22-cv-02162

RITA WATKINS (Public Defender)                                                               DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.   BACKGROUND

Plaintiff filed his Complaint on October 11, 2022. (ECF No. 1). Plaintiff alleges that Defendant Watkins, his Public Defender, "misrepresented" him regarding possible sentencing enhancements on July 1, 2022. (ECF No. 1 at 3). Plaintiff alleges that, due to her poor representation, he "was given a sentencing term not agreed upon, or aware of, without a properly challenged conviction." (*Id*. at 3-4). Plaintiff is currently incarcerated in the Arkansas Division of Correction Varner Unit.

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

Plaintiff proceeds against Defendant Watkins in both her official and individual capacities. (*Id*. at 4). Plaintiff seeks to retract his plea agreement and either renegotiate his sentence or have his case go to trial. (*Id*. at 5).

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

2

### III.     ANALYSIS

Defendant Watkins is identified by Plaintiff as a public defender who represented Plaintiff during his state criminal proceedings.  She is not subject to suit under § 1983.  A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983; *see also DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999).  Defendant Watkins was not acting under color of state law while representing Plaintiff in his criminal proceedings.  *Polk County v. Dodson*, 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings.").  Accordingly, Plaintiff has failed to state any cognizable claims under § 1983 against Defendant Watkins.

Further, Plaintiff's complaint sounds more in the nature of a petition for post-conviction relief based on allegations of ineffective assistance of counsel rather than one asserting a claim under § 1983.  28 U.S.C. § 2254 is the only means by which "a person in custody pursuant to the judgment of a State court" may raise challenges in federal court to the validity of his conviction or sentence or to the execution of his sentence.  *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001); *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003).  First, however, he must exhaust his state court remedies.  28 U.S.C. § 2254(b)(1)(A).

### IV.     CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of November 2022.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE